UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN KEYSHONE ROLLEN, Plaintiff, v. M. STANDFORD, Defendant. | No. 2:26-cv-1368 CSK P<br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Named as defendant is Licensed Vocational Nurse M. Standford. Plaintiff alleges that on November 20, 2022, plaintiff felt suicidal. (ECF No. 1 at 6.) Plaintiff was taken to the California Treatment Center and placed in a cell with a crisis bed. (Id. at 6-7.) The next day, defendant Standford walked by plaintiff's cell and claimed that plaintiff was in his bed masturbating. (Id. at 7.) Defendant Standford informed the California Department of Corrections and Rehabilitation ("CDCR") about what she saw. (Id.) A CDCR officer called the Investigative Services Unit ("ISU"). (Id. at 8.) The ISU officer came to plaintiff's cell, called plaintiff to the cell door and informed plaintiff that defendant Standford said she saw plaintiff masturbating. (Id.) The ISU officer read plaintiff his Miranda[1] rights, took plaintiff's picture and left. (Id.) On November 27, 2022 plaintiff was placed in "the hole[2]…for section Penal Code 314."[3]

While in the hole, plaintiff received a CDCR Rules Violation Report which was referred to the Lassen County District Attorney for possible investigation and prosecution. (Id) Plaintiff alleges that, "[o]nce the DA read the report he chose to p[u]rsue the charge." (Id.) At the preliminary hearing, held on or about December 8, 2023, the court gave the district attorney a fair chance to present evidence. (Id. at 9.) The state court found that the District Attorney's Office failed to establish probable cause for the charge of violating California Penal Code § 314 and did not hold plaintiff to answer. (Id.) The charge was dismissed. (Id.) Plaintiff claims that it is "settled that just walking by plaintiff['s] room, where others have pass[ed] by [already] [does] not

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

[2] By the "the hole" plaintiff appears to refer to administrative segregation.

[3] California Penal Code section 314, subdivision 1, makes it a crime for a person to "willfully and lewdly" "[e]xpose[ ] his [or her] person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby...."

constitute a form of sexual activity. Now absent additional conduct such as intentionally directing to his genitals for sexual purpose a person as here who simply walk by plaintiff[‘s] room is not prohibited by the statute under which he was charg[ed].” (Id. at 10.)

**III. DISCUSSION**

As his legal claim, plaintiff claims that he was accused of a crime he did not commit. (Id. at 3.) This Court construes plaintiff’s complaint to raise a claim for malicious prosecution.

Federal courts rely on state common law for elements of malicious prosecution. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004). Under California law, “[m]alicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause.” Cedars-Sinai Med. Ctr. v. Superior Court, 206 Cal. App. 3d 414, 417 (1988). “[A] private person may be liable for malicious prosecution under certain circumstances based on his or her role in the criminal proceeding.... ‘The test is whether the defendant was actively instrumental in causing the prosecution.’” Zucchet v. Galardi, 229 Cal. App. 4th 1466, 1481 (2014) (quoting Sullivan v. Cty. of Los Angeles, 12 Cal. 3d 710, 720 (1974)). “Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime.” Id. at 1481-82. However, a defendant who “alerts law enforcement to a possible crime [ ] is not liable [for malicious prosecution] if, law enforcement, on its own, after an independent investigation, decides to prosecute.” Williams v. Hartford Ins. Co., 147 Cal. App. 3d 893, 897-98 (1983); see also Stamas v. Cty. of Madera, 795 F. Supp. 2d 1047, 1065 (E.D. Cal. 2011) (finding that an official investigation conducted over a “short time frame” and without interviewing the target of the investigation was a sufficient “independent investigation” to defeat claim of malicious prosecution).

For the following reasons, this Court finds that plaintiff fails to state a malicious prosecution claim against defendant Standford. While plaintiff claims that the charges were dismissed based on sufficient evidence, plaintiff pleads no facts demonstrating that what defendant Standford reported regarding plaintiff’s conduct was false. Instead, it appears that the

court determined that the facts, as reported by defendant Standford, were insufficient to support the charges. These circumstances do not demonstrate a potentially colorable malicious prosecution claim. For these reasons, plaintiff's complaint is dismissed.

## IV. LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff is informed that the amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Roll1368.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN KEYSHONE ROLLEN,<br>Plaintiff,<br>v.<br>M. STANDFORD,<br>Defendant. | No. 2:26-cv-1368 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on ______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

________________________________
Plaintiff