UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAN KEYSHONE ROLLEN,

Plaintiff,

v.

M. STANDFORD, et al.,

Defendants.

No. 2:26-cv-1368 CSK P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2026, this Court dismissed plaintiff's complaint with leave to file an amended complaint. (ECF No. 8.) Pending before the Court is plaintiff's amended complaint. (ECF No. 13.) For the following reasons, this Court recommends dismissal of this action.

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**II. PLAINTIFF'S AMENDED COMPLAINT**

Named as defendants are M. Standford and prosecutor Funk. (ECF No. 13 at 1.) Plaintiff claims that on November 21, 2022, at High Desert State Prison ("HDSP"), plaintiff was housed in a crisis bed. (Id. at 2.) Defendant Standford was walking by the rooms. (Id.) Plaintiff was lying in his bed masturbating. (Id.) Defendant Standford saw plaintiff masturbating and reported what

she saw to a California Department of Corrections and Rehabilitation ("CDCR") officer. (Id.) The CDCR officer called the Investigative Services Unit ("ISU"). (Id.) ISU came to plaintiff's room, read plaintiff his Miranda[1] rights, took plaintiff's picture, and seven days later plaintiff was placed in the hole[2] for violation of Penal Code § 314.[3] (Id.) While in the hole, plaintiff received a rules violation report and the matter was referred to the Lassen County District Attorney's Office for prosecution. (Id.) After the prosecutor read the rules violation report, which apparently included a statement by defendant Standford, the prosecutor chose to maliciously pursue charges against plaintiff. (Id.) At plaintiff's preliminary hearing, defendant prosecutor Funk was given a fair chance to present his evidence based on defendant Standford's statement. (Id. at 2-3.) The state court found that defendant Standford's statement did not demonstrate probable cause and that defendant prosecutor Funk did not meet his burden of proof. (Id. at 3.) The state court dismissed the charges against plaintiff because defendant prosecutor Funk failed to adequately prove plaintiff's sexual motivation, i.e., that plaintiff acted for the purpose of sexual arousal, gratification or lust. (Id.) Plaintiff seeks declaratory relief and money damages. (Id. at 4.)

## III. DISCUSSION

### A. Defendant Standford

This Court construes plaintiff's complaint to raise a claim for malicious prosecution against defendant Standford, as this Court construed the original complaint to raise. (See ECF No. 8 at 4-5.)

Federal courts rely on state common law for elements of malicious prosecution. See Mills v. City of Covina, 921 F.3d 1161, 1169 (9th Cir. 2019) (citing Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004). Under California law, "[m]alicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).
[2] By the "hole" plaintiff appears to refer to administrative segregation.
[3] California Penal Code § 314, subdivision 1, makes it a crime for a person to "willfully and lewdly" "[e]xpose[] his [or her] person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby…"

malicious motives and without probable cause." Cedars-Sinai Med. Ctr. v. Superior Court, 206 Cal. App. 3d 414, 417 (1988). "[A] private person may be liable for malicious prosecution under certain circumstances based on his or her role in the criminal proceeding.... 'The test is whether the defendant was actively instrumental in causing the prosecution.'" Zucchet v. Galardi, 229 Cal. App. 4th 1466, 1481 (2014) (quoting Sullivan v. Cty. of Los Angeles, 12 Cal. 3d 710, 720 (1974)). "Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." Id. at 1481-82. However, a defendant who "alerts law enforcement to a possible crime [ ] is not liable [for malicious prosecution] if, law enforcement, on its own, after an independent investigation, decides to prosecute." Williams v. Hartford Ins. Co., 147 Cal. App. 3d 893, 897-98 (1983).

For the following reasons, this Court finds that plaintiff fails to state a malicious prosecution claim against defendant Standford. While plaintiff claims that the charges were dismissed based on insufficient evidence, plaintiff pleads no facts demonstrating that what defendant Standford reported regarding plaintiff's conduct was false. Instead, it appears that the state court determined that the facts, as reported by defendant Standford, were insufficient to support the charges. These circumstances do not demonstrate a potentially colorable malicious prosecution claim against defendant Standford. Accordingly, this claim should be dismissed.

**B. Defendant Funk**

Prosecutors are absolutely immune from civil damages for activities "intimately associated with the judicial phase of the criminal process[,]" such as initiating a prosecution and presenting the State's case. See Imbler v. Pachtman; 424 U.S. 409, 430-31 (1976); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). "Absolute immunity does not protect prosecutors merely because they are prosecutors; rather, immunity turns on 'the nature of the function performed, not the identity of the actor who performed it.'" Gibson v. City of Portland, 165 F.4th 1265, 1280 (9th Cir. 2026) (quoting Kalina

v. Fletcher, 522 U.S. 118, 127 (1997)). "A prosecutor is immune from suits stemming from their advocacy but not for administrative or investigative tasks." Gibson, 165 F.4th at 1280-81; see also Lacey v. Maricopa Cnty., 693 F.3d 896, 912 (9th Cir. 2012) (en banc) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Plaintiff appears to claim that defendant Funk brought charges against plaintiff even though the evidence did not support the charges. Defendant Funk is entitled to absolute immunity for his review of the evidence as well as the decision to prosecute plaintiff. See Imbler, 424 U.S. at 431; see also Buckley, 509 U.S. at 273 ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police...."); Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 843 (9th Cir. 2016) ("Absolute immunity applies when 'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ... after a decision to seek an indictment has been made[.]'" (citations omitted); Roe v. City and Cnty. of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997) ("The decision to charge a defendant with a crime may be the most critical determination in the entire prosecutorial process. That decision alone may result in the loss of a defendant's freedom pending trial and certainly will confront him or her with the economic and social costs of a trial. There can be no question that the nature of the decision [whether] to prosecute is 'intimately associated with the judicial phase of the criminal process.'"). For these reasons, this Court finds that defendant Funk is entitled to absolute immunity as to plaintiff's claim that defendant Funk brought criminal charges against plaintiff that were not supported by the evidence. Accordingly, plaintiff's claims against defendant Funk should be dismissed.

## IV. CONCLUSION

This Court recommends that this action be dismissed because it is clear that plaintiff cannot cure the pleading defects discussed above. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th

Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Roll1368.56/2